511 A.2d 1379

Earl T. BOBB, Appellant,

v.

Eugene KRAYBILL, Individually and also in his capacity as an agent, Servant and Employee of Lancaster Newspapers, Inc., t/d/b/a the Intelligencer Journal, Frederick Cusick, Individually and also in his capacity as an Agent, Servant and Employee of Philadelphia Newspapers, Inc., t/d/b/a Philadelphia Inquirer, Philadelphia Newspapers, Inc., t/d/b/a Philadelphia Inquirer, Lancaster Newspapers, Inc., t/d/b/a Intelligencer Journal.

Superior Court of Pennsylvania.

Argued April 21, 1986.

Filed July 16, 1986.

Petition for Allowance of Appeal Denied Jan. 9, 1987.

Spero T. Lappas, Harrisburg, for appellant.

George C. Werner, Jr., Lancaster, for Kraybill, appellee.

Kerry L. Adams, Williamsport, for Cusick, appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

BROSKY, Judge:

This is an appeal from the order granting appellees' motions for summary judgment in this defamation action. The sole issue for our determination is whether the trial court erred in finding no genuine issue of material fact as to the truthfulness of the articles published. The trial court found that appellant did not and could not contest the substantial truth of the articles and, therefore, granted appellees' motions for summary judgment.[1] We agree with the trial court and, accordingly, affirm its order.

The record reveals that appellant was a marketing manager with the Pennsylvania Bureau of State Lotteries. In the course of his employment with the Bureau, appellant came into contact with Bernie Alimenti, a tobacco store owner and authorized lottery ticket sales agent.

In late December 1982, appellant told Alimenti that he needed $1,000.00 for a short term and asked if Alimenti could help. Appellant offered Alimenti an undated, person-

---

**1.** Since truth is an absolute defense to a claim of defamation in Pennsylvania, *Hepps v. Philadelphia Newspapers, Inc.,* 506 Pa. 304, 485 A.2d 374 (1984), the issue of truthfulness is dispositive of the instant appeal. Therefore, we need not consider the collateral issues raised on appeal concerning appellant's status as a private figure or public official or the resulting standard of proof imposed on appellant in either case.

al check as collateral for what appellant intended to be a personal loan. Alimenti, fearing the loss of his lucrative lottery machine if he refused appellant's request, was uneasy about the encounter and contacted the local police. The police, in turn, alerted agents of the Attorney General's Office about appellant's request. The agents outfitted Alimenti with a recording device and a second meeting with appellant was arranged. Alimenti, now wearing the recorder, told appellant that he did not have $1,000.00 and that the only way he could accommodate appellant's loan request was by drafting a check from his lottery "winner's account." Lottery agents are required to maintain two lottery bank accounts, one of which is a "float" account from which winners can be paid. Appellant was aware that as a sales agent, Alimenti could withdraw funds from the float account. The two men agreed to the transaction and Alimenti wrote a check for $1,000.00 which they presented at a nearby bank. While cashing the check, Alimenti stated to the teller, "this man's a winner." Appellant took the cash and departed. Shortly thereafter, appellant was fired from his job for "misrepresentation of [his] position with the Bureau of Lotteries" in connection with the loan transaction.

Appellant did repay the $1,000.00 on January 12, 1983 when Alimenti deposited appellant's personal check. The Attorney General's Office declined to prosecute appellant for lack of a clearly defined prosecutable offense.

Reports of these events appeared in the February 5th, 1983 edition of the Lancaster Intelligencer Journal and the February 7th, 1983 edition of the Philadelphia Inquirer. The articles were authored by appellees Kraybill and Cusick respectively. Appellant filed the instant action in May 1983. Finding no genuine issue of material fact as to the truthfulness of the articles published, the trial court granted summary judgment and this appeal timely followed.

■ When reviewing an order granting summary judgment, our function is to determine whether there exist genuine issues of triable fact. *Bowman v. Sears, Roebuck*

*& Co.,* 245 Pa.Super. 530, 369 A.2d 754 (1976). As we stated in *Harris by Harris v. Easton Publishing Co.,* 335 Pa.Super. 141, 152, 483 A.2d 1377, 1382–83 (1984):

> Summary judgment is made available by Pa.R.C.P. 1035 when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 341 A.2d 174 (1975). To determine the absence of a genuine issue of material fact, we must view the evidence in the light most favorable to the non-moving party and any doubts must be resolved against the entry of judgment. *Id.* In so doing, we accept as true all well-pleaded facts in appellant's pleadings and give appellant the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Id.*

Truth is an absolute defense to defamation in Pennsylvania. *Hepps v. Philadelphia Newspaper, Inc.,* 506 Pa. 304, 485 A.2d 374 (1984), reversed and remanded on other grounds, —— U.S. ——, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986); 42 Pa.C.S. § 8342.[2] Appellees raised the defense of truthfulness in their pleadings and in their briefs in support of the motions for summary judgment. Thus, our inquiry becomes whether, in viewing the evidence relevant to a motion for summary judgment most favorably toward appellant as the non-moving party, there exists a genuine issue of material fact as to the substantial truth of the stories reported.

Since the trial court found that appellant's issues did not contest the substantial truth of the articles, it granted the motions for summary judgment. After carefully reviewing

---

**2.** 42 Pa.C.S. § 8342 provides in pertinent part:

In all civil actions for libel, the plea of justification shall be accepted as an adequate and complete defense, when it is pleaded, and proved to the satisfaction of the jury, ... that the publication is *substantially true....* (emphasis added).

the record and briefs submitted by the parties, we agree with the trial court's determination.

■ The record shows that appellant was unable to specify *anything* reported that was misquoted or false. Appellant's primary contentions were that the stories were "not printed in the proper way"; were one sided; were too detailed; and did not present the proper perspective of the situation. At his deposition, appellant's answers were evasive when asked what specific items in the articles were in dispute. In fact, each of appellant's contentions regarding the stories actually concern the appellees' degree of care in publishing the stories, which question is not germane to the resolution of this appeal in light of the truthfulness of the articles. See, *Hepps,* supra. (whether defamatory statements are made negligently or willfully, a civil action in libel is only actionable when the statement is false).

■ Unable to claim that the articles contained any falsehoods, appellant's true dispute with the appellees is based on appellant's dissatisfaction that reports of the episode were printed at all. The record reveals that, prior to publication, appellant unsuccessfully attempted to persuade reporter Cusick not to print the story. Further, appellant's testimony reveals that he was angered that the story was "all over the state." When asked during his deposition why he chose not to sue the television stations that reported the story, appellant answered that the television stations did not reveal his name. Our review of the record convinces us that appellant's real complaint is not with the substance of the articles, but with the fact that the story was printed at all.

Certainly in many news stories about issues of public concern there will be some party involved who would rather not see the story printed. However uncomfortable the publication of a story might prove to such an individual, we cannot abridge a publisher's First Amendment rights to placate the peculiar sensitivities of a party. Thus, the

courts of this Commonwealth do not grant relief to a plaintiff in a defamation action simply because he found the publication personally objectionable.

After carefully reviewing the pleadings, depositions and affidavits presented in support of the summary judgment motions, we agree with the trial court that appellant did not and could not sustain his burden of proving the statements false and that there is no possibility of a legally sustainable verdict in his favor.[3]  See, *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa.Super. 475, 448 A.2d 6 (1982).  Thus, because appellant does not contest the truthfulness of the defamatory matter and the evidence in support of a summary judgment motion shows that the publication is substantially true, there is no genuine issue of material fact and summary judgment was properly granted.

Order affirmed.

---

3. The United States Supreme Court has recently held that whether a plaintiff in a defamation action is a private or public figure, the burden of proving falsity is on the plaintiff.  This decision was rendered in the case of *Philadelphia Newspapers, Inc. v. Hepps,* —— U.S. ——, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986) which reversed our own Supreme Court's allocation of the burden of proof in defamation cases in *Hepps v. Philadelphia Newspapers, Inc.*, 506 Pa. 304, 485 A.2d 374 (1984).