514 A.2d 188

**Ronald GOODRICH and Cynthia Goodrich, Appellants,**

v.

**LUZERNE APPAREL MANUFACTURING CORPORATION, formerly known as Luzerne Outerwear Manufacturing Corporation, Shamokin Area Industrial Corporation, Cutler-Hamer, Inc., Eaton Corporation, Dauphin Electrical Supplies Company, Underwriters Laboratories, Inc., Beck Electric Company, H.F. Lenz Co., Westinghouse Electric Corporation, Pennsylvania Power & Light Company, Hayes, Large, Suckling, & Fruth, formerly Rea, Hayes, Large and Suckling, formerly Campbell, Rea, Hayes & Large, formerly Hunter, Campbell, Hayes & Large, Middle Department Inspection Agency, Keystone Inspection Agency, and Ilsco Corporation,**

v.

**C.F. KING t/d/b/a C.F. King Contractors, and John F. Miles Company, Inc.**

Superior Court of Pennsylvania.

Argued April 21, 1986.

Filed Aug. 28, 1986.

Edward E. Knauss, IV, Harrisburg, for appellants.

Robert A. Lerman, York, for Luzerne Apparel, appellee.

Charles W. Rubendall, II, Harrisburg, for Underwriters, appellee.

Before: WICKERSHAM, BROSKY and WATKINS, JJ.

BROSKY, Judge:

■ This case is before us on appeal from summary judgment entered by the trial court in favor of Underwriters Laboratories, Inc. (hereinafter referred to as UL). There is no argument by appellants that material issues of

fact remain unresolved.[1] The sole issues for our consideration are: (1) Whether a party which approved the design of an electrical panel board can be said to have been involved in "performing or furnishing the design, planning, supervision or observation of construction ... of any improvement to real property" within the meaning of 42 Pa.C.S. § 5536; and (2) Whether that statute applies to designers of products. We find that the trial court correctly applied the statute to this case, and we therefore affirm.

Appellants filed a civil action against numerous defendants, including appellee UL. UL filed a Motion for Summary Judgment, claiming that the action was barred by the statute of limitations, 42 Pa.C.S. § 5536. Section (a) of that statute provides:

(a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

1. Issues raised in the "Brief of Defendants, Luzerne And Shamokin, In Support of Appellant's [sic] Appeal" will not be considered. If these parties were aggrieved by the trial court's order, they could have appealed separately or could have joined in appellants' appeal. Pa.R. A.P. 501, 512. Since they did neither, issues raised by them will not be considered.

The trial court granted the motion for summary judgment, finding that UL's approval of the design of the panel board was equivalent to designing the panel board, for purposes of the statute. We agree.

■ There appears to be no dispute that UL is a testing laboratory which determines whether products, including their detailed plans and specifications, comply with minimum safety requirements, or that UL permits manufacturers to use its registered trademark on products which meet UL's standards. As such, UL is acting as a control on products which a manufacturer is seeking to place in commerce. It serves the same purpose an additional testing site in the manufacturer's own plant would serve, with the advantage of apprising the public that the product has been approved by a well-known independent laboratory. We see no logical reason to find that the design of a product submitted to UL for approval is completed before such approval is obtained. We find that UL's approval of the panel board in the case before us comes within the meaning of "performing or furnishing the design" within the scope of the statute.

Appellants concede that their second issue has been decided by a panel of our court in *Catanzaro v. Wasco Products, Inc.*, 339 Pa.Super. 481, 489 A.2d 262 (1985). Appellants submit that that case was incorrectly decided, and they therefore request reconsideration of that decision. This argument is better directed to our court en banc in a motion for reargument, or to the Supreme Court.

In view of the foregoing, we affirm.