585 A.2d 485

**R. Floyd McCONNAUGHEY and Dorothy McConnaughey, His Wife, Appellants,**

**v.**

**BUILDING COMPONENTS, INC., a Corporation, and Inter–Lock Steel Company, a Corporation, Appellees.**

Superior Court of Pennsylvania.

Argued June 7, 1990.

Filed Nov. 30, 1990.

Reargument Denied Feb. 12, 1991.

330

William J. Ober, Greensburg, for appellants.

Louis C. Long, Pittsburgh, for Building Components, appellees.

Before KELLY, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The plaintiff-appellants, Mr. and Mrs. R. Floyd McConnaughey, instituted this negligence action as a result of the

collapse of a barn on their property. This incident allegedly caused significant losses to livestock. Both of the defendant corporations filed motions for summary judgment. After consideration, the trial court entered an opinion and order, granting summary judgment in favor of the defendant Building Components, Inc. The motion for summary judgment of Inter–Lock Steel Company was denied. After the entry of the judgment in favor of Building Components, Inc. the plaintiffs instituted the instant appeal, which challenges the trial court's grant of summary judgment in favor of Building Components, Inc.

The scope of review in this case is clear. A motion for summary judgment may properly be granted under Pa.R.C.P. 1035 if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Bobb v. Kraybill,* 354 Pa.Super. 361, 364, 511 A.2d 1379, 1380 (1986); *Rybas v. Wapner,* 311 Pa.Super. 50, 52, 457 A.2d 108, 109 (1983). We must examine the record in the light most favorable to the nonmoving party. *Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 341 A.2d 174 (1975). Summary judgment is appropriate only in those cases which are clear and free from doubt, and we must accept as true all well-pleaded facts in the pleadings of the party against whom summary judgment has been granted, and must give that party the benefit of all reasonable inferences to be drawn. *Bobb v. Kraybill, supra.*

Briefly stated, read in a light most favorable to the plaintiff-appellants, the record indicates that in the latter part of 1970, the plaintiffs purchased preconstructed roof trusses from Building Components, Inc. Building Components, Inc. manufactured these trusses and maintained a supply of them for sale to the public. The trusses in issue were not manufactured to the order or specification of the plaintiffs. In the construction of the trusses, Building Components, Inc. used metal gusset plates, supplied by defendant, Inter–Lock Steel Company, to connect individual

wooden segments at various stress points in the trusses. After the plaintiffs purchased the trusses, they caused them to be incorporated into a barn building which they constructed on their property. Building Components, Inc. was not involved in the planning, design or construction of the barn.

The unfortunate collapse of the plaintiffs' barn occurred on January 20, 1986, well over 12 years after the trusses were purchased by the plaintiffs and made a part of the barn structure. It was the plaintiffs' claim in this case that the proximate cause of the collapse of their barn was negligent manufacturing and defective construction of the roof trusses by Building Components, Inc. With respect to Inter–Lock Steel Company, the plaintiffs asserted that the metal gusset plates were defective as a result of being negligently manufactured.

The trial court granted summary judgment in favor of defendant, Building Components, Inc., based upon the determination that the statute of repose applicable to construction projects barred the action. That statute, the Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978, as amended by the Act of April 28, 1978, P.L. 202, No. 53, § 10(63.1), effective June 27, 1978, 42 Pa.C.S.A. § 5536, provides:

(a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

(b) Exceptions.—

(1) If any injury or wrongful death shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

(2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding.

(c) No extension of limitations.—This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law.

■ The plaintiff-appellants have correctly stated in their brief that in order for this statute of repose to apply, the party moving for its protection must show: (1) what is supplied is an improvement to real estate; (2) more than 12 years have elapsed between the completion of the improvements to the real estate and the injury; and (3) the activity of the moving party was within that class which was protected by the statute. In its brief, and before our court in oral argument, the plaintiffs admitted that the trusses, which were incorporated into their barn, were an improvement to real estate. In that regard, their admission is proper under applicable law. See *Mitchell v. United Elevator Company, Inc.*, 290 Pa.Super. 476, 434 A.2d 1243 (1981) and compare *Ferricks v. Ryan Homes, Inc.*, 396 Pa.Super. 132, 578 A.2d 441 (1990). Further, it is evident that more than 12 years had passed between the time that the trusses were purchased and incorporated into the barn, and date

when the accident occurred allegedly causing the losses in issue.

The plaintiffs, however, maintain that the record demonstrates that the activity of Building Components, Inc. was not within the protections of the statute. In that regard, they argue that the protection was only intended to extend to a person performing or furnishing design, planning, supervision or observation of construction, or the construction of any improvement to real property. They argue that Building Components, Inc. was not engaged in any such function. Rather, they reason that it was merely a manufacturer who made a component later incorporated into real estate, and, as such, enjoyed no protection under the statute of repose.

■ We do not agree. We conclude that Building Components, Inc. was a "person ... furnishing ... construction of any improvement to real property", within the meaning of the applicable statute of repose. In *Leach v. Philadelphia Savings Fund Society*, 234 Pa.Super. 486, 340 A.2d 491 (1975), our court addressed a claim that an almost identical statute of repose then in effect was intended to extend protection to a limited class of persons. In rejecting this approach, we stated:

> The statute is not limited to persons performing professional or licensed services, and a court cannot supply such an omission to statutory language. Neither is the protected class identified by profession or occupation. The Pennsylvania statute identifies its class not by the status or occupation of its members but rather by the contribution or acts done in relation to the improvement to the real property. Thus the statute immunizes from liability after 12 years any person lawfully performing or furnishing such activities. The word any is generally used in the sense of all or every and its meaning is most comprehensive.

*Id.*, 234 Pa.Superior Ct. at 490, 340 A.2d at 493 (citations omitted).

This broad interpretation of the statute was discussed in some detail in *Catanzaro v. Wasco Products, Inc.*, 339

Pa.Super. 481, 489 A.2d 262 (1985), where our court found the statute of repose applicable to a defendant who manufactured and sold a skylight which was incorporated into a building. The plaintiff in the case had fallen through the skylight while working on the roof in which it was placed. He claimed the skylight was defectively designed and constructed. Our court rejected an argument by the plaintiff that the statute of repose should not shield mere manufacturers, who only design or construct real property improvements. In holding that the statute protected the defendant skylight manufacturer, our court declared that following the decision in *Leach v. Philadelphia Savings Fund Society, supra,* the statutory protection was judicially extended to include manufacturers who had designed, planned or constructed improvements to real property.

Further, in *Catanzaro,* our court rejected the plaintiff's contention that the statute should be read restrictively to have application only to a supplier who had to customize the product to the real estate and had to assist in its installation. In doing so, we pointed out that a similar argument was rejected in *Mitchell v. United Elevator Company, Inc., supra.* In *Mitchell,* the trial court determined that a manufacturer of an elevator was not protected by the statute of repose because construction of an elevator was "like supplying a ready made item that was merely incorporated into the building." 290 Pa.Super. at 488, 434 A.2d at 1249. Such a narrow application of the act was denounced by our court, and it was pointed out that the fact that the basic design of the improvement may be identical in different buildings does not render it any less an improvement to real estate, to which the statute applies.

We recognize that in *McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 564 A.2d 907 (1989), a majority of our Supreme Court indicated it had not ruled on the issue of whether the statute of repose applies to manufacturers whose products are incorporated into real estate by others

as improvements. While two dissenting justices expressed the conclusion that the twelve year statute of repose does not apply to designers and manufacturers of products incorporated into the construction of improvements to real property, we are certainly not bound by that viewpoint, which did not enjoy the support of a majority of the court. Accordingly, we must rely upon the prior clear declarations by our court on this issue, and hold that Building Components, Inc., which constructed the roof trusses in question, was entitled to the protection of the applicable statute of repose. The trial court did not err in granting summary judgment in favor of Building Components, Inc., and against the plaintiff-appellants.

The judgment of the trial court is hereby affirmed.

KELLY, J., files a dissenting statement.

KELLY, Judge, dissenting.

I respectfully dissent. The majority finds that under the applicable statute of repose, 42 Pa.C.S.A. § 5536, the trusses which were incorporated into appellant's barn, constituted an "improvement to real estate." I cannot agree.

As the majority suggests, the instant case turns on the more general question of whether the relevant statute is meant to include within the reach of its protection only *builders* or whether the legislature intended the defense to be enjoyed by *suppliers* as well. In the absence of definitive Supreme Court guidance on the appropriate extent such protection is intended to be afforded, *see McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 525 n. 2, 564 A.2d 907, 910 n. 2 (1989), I am most persuaded by a recent panel of this Court which, in holding that a manufacturer of plywood was not entitled to the protection of the statute of repose, construed relevant Superior Court decisions as follows:

> In *Mitchell v. United Elevator Company, supra,* the installation of an elevator system was being considered. The trial court ruled that the manufacturer could not avail itself of the bar against liability provided by the

statute since "it simply supplied and installed the necessary elements for the elevator system as part of the overall construction of the complex." *Id.,* 290 Pa.Superior Ct. 488, 434 A.2d at 1249. In reversing this decision, the superior court stated:

> The lower court seems to be likening the building of an elevator system with all its myriad components, motors, cables, wiring and machinery to uncrating and plugging in a television set. The fact that the basic design of the elevator may be identical in different buildings does not render the elevator *system* any less an improvement to real estate. *Id.* (emphasis added).

Likewise in *Catanzaro v. Wasco Products, Inc.,* this court recognized a skydome installed on the roof of a building as a fixture. A skydome, which was likened to a window by the court is a finished product which is uniquely suited to be included in the construction of a structure. A finished product such as window, skydome, or elevator is meant for use solely as a fixture, as an improvement to real estate. The individual component parts of these completed products do not have such a sole purpose. It is their purchaser who controls their use.

As we have stated, in *McCormick v. Columbus Conveyor Co.,* the supreme court's most recent decision concerning the Statute of Repose, the court was asked to consider the applicability of this provision to the designer and manufacturer of a coal delivery system. The court ruled that the statute was applicable since the defendant was "engaged in the design of an improvement to real property." *Id.,* 522 Pa. 526, 564 A.2d 911. In reaching this determination, the court remarked:

> It is abundantly clear from the record that Columbus did more than supply a standard piece of equipment, indistinguishable from any other it mass-produced, that by chance became affixed to the University's property. Using specification and a general layout provided by Rust Engineering, Columbus devised a coal delivery system to be integrated into the construction of the new power plant that was uniquely suited to that site.

This passage calls attention to the distinction between products which are produced for incorporation into a finished product and the finished product itself which is designed to be included as a fixture or improvement in real estate. The individuals who provide these two distinct services can often be labeled as suppliers and builders. The *McCormick* court noted that in *Freezer Storage Inc. v. Armstrong Cork Co.* [476 Pa. 270, 382 A.2d 715 (1978)], it examined an argument that the statute distinguished between these two groups. Therein, the court accepted *arguendo* that the statute applied to builders but not suppliers and commented that such a distinction would be rationally based on real differences. The court noted that suppliers produce items in large quantities and can maintain quality control standards in the controlled environment of a factory. However, the only test available to a builder is one conducted over the years following construction. Thus, while the court did not decide whether suppliers could be entitled to the protection of the statute, it did provide sound rationale for the ruling we make today.

The manufacturer of plywood, a building material with many distinct purposes, only one of which is to be used as a component in the construction of an improvement on real estate, is not entitled to the protection of the statute of repose. Merely because the purchaser of this product incorporated it into the design of a structure, should provide no insulation to its manufacturer who must make its product safe for this and all other potential uses.

*Ferricks v. Ryan Homes,* 396 Pa.Super. 132, 139, 578 A.2d 441, 444–45 (1990). I find this more limited interpretation of the appropriate degree of protection compelling, and the holding of this case indistinguishable from the facts presented to this Court instantly.

Plywood, like the preconstructed trusses at issue herein, (which were neither custom built nor in any way modified for appellant's purposes), is not a finished product (such as a window, skydome, or elevator), but rather merely a component part of a completed product, which itself has no sole

purpose. More significantly, suppliers of plywood, like those who supply trusses, may produce their product in such quantities as to allow quality control standards to be employed in the controlled environment of the factory; in contrast, the builder may only test his completed product over the years following construction. It is for this reason, therefore, that the mere incorporation of plywood, or trusses, into the design of a structure should not in any way provide insulation to its manufacturer who must make the product safe for *whatever* structure the plywood or trusses are used in. To read the statute more broadly is, in my opinion, to allow protection beyond the legislature's intent.

Accordingly, I would hold that the Statute of Repose should not be applied to protect appellees instantly, and would reverse the order of summary judgment. Hence, I dissent.