## Herrmann v. Arvin Industries Inc.

*Ronald L. Slater,* for plaintiff.

*Sean J. McLaughlin,* for defendant White-Rodgers Co.

*W. Patrick Delaney,* for defendant Arvin Industries Inc.

JOYCE, *J.*, June 20, 1991—The issue before the court is whether or not defendants fall within the class of people afforded protection by Pennsylvania's 12-year statute of repose as set forth at 42 Pa.C.S. §5536.

There is agreement among all parties that two of the three requirements necessary for the statute's protection have been met by defendants. First the installation of the heater in plaintiff's home represents an improvement to real property. Second, the action filed by plaintiff was commenced more than 12 years after the installation of the improvement to real property.

Defendant White-Rodgers asserts that because it designed, manufactured, and supplied a component part of the heater to defendant Arvin Industries, Rodgers can be deemed to have been involved in the "design, planning, supervision, or observation of construction, or construction of any improvement to real property," thereby coming within the statute's protection. Similarly, Arvin's position is that as the actual designer and manufacturer of the alleged defective heater, it also is afforded the protection under 42 Pa.C.S. §5536. Both defendants cite cases which in substance agree with their positions. *Catanzaro v. Wasco Products Inc.*, 339 Pa. Super. 481, 489 A.2d 262 (1985); *Goodrich v. Luzerne Apparel Manufacturing Corp.*, 356 Pa. Super. 148, 514 A.2d 188 (1986); *McConnaughey v. Building Components Inc.*, 401 Pa. Super. 329, 585 A.2d 485 (1990).

The court, however, is more persuaded by what it believes to be the spirit of 42 Pa.C.S. §5536. As noted by the Supreme Court in *McCormick v. Columbus Conveyor Co.*, 522 Pa. 520, 564 A.2d 907 (1989), and *Freezer Storage Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 383 A.2d 715 (1978), there exists a crucial difference between those who supply a stan-

dard piece of mass-produced equipment and those who supply a product specifically designed for a particular use. A distinction must also be made between those who have the ability to maintain quality control standards over their product within the factory *before* distribution, and those who have no such opportunity to test their product prior to its installation or use. The court believes that to allow defendants protection under 42 Pa.C.S. §5536 would seriously erode the guidelines set forth by the Restatement (Second) of Torts §402A with respect to the liability of the manufacturer for the product it designs or manufactures. As plaintiff correctly points out, if every party who designed or manufactured a product which became an improvement to real estate came within the statute's parameters, an injured party's sole means of recovery would be against the seller of the product, who is likely to be the least culpable of all in the chain from planning board to installation.

In the present case, both defendants manufactured their respective products in environments which included a considerable amount of product control. This opportunity to test, inspect, experiment, and retest their products is the protection 42 Pa.C.S. §5536 provides those who do not have such an environment to ensure their product's safety. For these reasons, the court chooses not to expand the language of the statute beyond what it believes to be the statute's protective purpose.

## ORDER

And now, June 20, 1991, it is hereby ordered and decreed that for the reasons set forth in the attached memorandum opinion, the motion for judgment on

the pleadings of defendants, Arvin Industries Inc. and White-Rodgers Co., are denied.