621 A.2d 692

Jeffrey SCHMOYER, a minor, by his parents, Richard
and Joan SCHMOYER and Richard and Joan
Schmoyer, in their own right, Appellants,

v.

MEXICO FORGE, INCORPORATED and Markley Farms
Swim Club and Raymond Hale, Additional Defendant

v.

ZENITH LABORATORIES, INC.

Jeffrey SCHMOYER, a minor, by his parents, Richard
and Joan SCHMOYER and Richard and Joan
Schmoyer, in their own right

v.

MEXICO FORGE, INC., and General Recreation,
Inc. and Markley Farms Swim Club.

Appeal of MEXICO FORGE, INC.

Superior Court of Pennsylvania.

Argued Oct. 28, 1992.

Filed March 12, 1993.

594

Peter C. Gardner, Philadelphia, for Schmoyer's.

Audrey L. Jacobsen, Philadelphia, for Mexico Forge & Markley Swim Club.

Warren F. Sperling, Philadelphia, for Hale.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

The sole issue in this appeal is whether a Spin Around, which is permanently installed on a concrete base as a playground amusement ride for children, is an improvement to real estate for purposes of applying the twelve (12) year statute of repose contained in 42 Pa.C.S. § 5536. The trial court held that it was an improvement to real estate and that an action for injuries sustained by a child more than seventeen (17) years after installation could not be maintained on the basis that the equipment had been defectively designed or manufactured. Therefore, the court directed a verdict in favor of the manufacturer. After careful review, we affirm.

A Spin Around is a platform, similar to a carousel, which rotates when pushed manually and on which children can ride. The top of the platform contains steel bars which can be held by persons who sit upon or push the carousel. While playing on a Spin Around at the Markley Farms Swim Club, Jeffrey Schmoyer sustained injuries in August, 1983. In an action against the Swim Club and Mexico Forge, Inc., which had designed and manufactured the Spin Around, Schmoyer, acting through his parents and natural guardians, alleged that he had been injured when his legs became wedged between the metal bars of the Spin Around and his friend, Raymond Hale, with whom he had been playing. He contended, inter alia, that the manufacturer of the equipment had been negligent, had been guilty of a breach of warranty and was strictly liable for a defective Spin Around.

The Spin Around had been purchased and installed by the Swim Club in 1966. The installation was described by Ron Markley, the owner of the Swim Club, as follows:

> We followed the specific instructions in the Mexico Forge catalogue including the concrete anchors in the ground to hold it in the ground, the concrete anchor at the pedestal type thing that goes in the center and the pedestal is then bolted to the concrete base in the ground and the thing was kept at the proper level. The platform was at the proper level to the ground and we followed all the instructions right to the "T."

Thus, it is clear that the Spin Around was firmly and solidly attached to the playground surface. Schmoyer's injury occurred seventeen (17) years thereafter.

On the third day of trial, a settlement was reached between Schmoyer and Markley Farms Swim Club. Thereafter, the trial court entered a directed verdict in favor of Mexico Forge and also in favor of Raymond Hale, who had been joined as an additional defendant. Post-trial motions were denied, and Schmoyer appealed from the directed verdict entered in favor of Mexico Forge, the manufacturer. Mexico Forge appealed from the entry of a directed verdict in favor of Hale. It

pursues this appeal only if the directed verdict in its favor is reversed.

■ The legislature, at 42 Pa.C.S. § 5536(a), has enacted a statute of repose as follows:

> **(a) General rule.—** ... a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
>
> > (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

A statute of repose "does not merely bar a litigant's right to a remedy, as a statute of limitations does, but [it] completely abolishes and eliminates the cause of action itself." *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. 476, 486, 434 A.2d 1243, 1248 (1981). See also: *Misitis v. Steel City Piping Co.*, 441 Pa. 339, 343, 272 A.2d 883, 885 (1971). The statute applies where the party moving for its protection shows that: (1) what was supplied was an improvement to real estate; (2) more than twelve years elapsed between the completion of the improvement and the injury; and (3) the activity of the moving party was within the class which is protected by the statute. *McConnaughey v. Building Components*, 401 Pa.Super. 329, 333, 585 A.2d 485, 487 (1990), *allocatur granted*, 527 Pa. 667, 593 A.2d 842 (1991).

■ Appellant argues that the Spin Around was a product and not an improvement to real estate. In *McCormick v. Columbus Conveyor Co.*, 522 Pa. 520, 564 A.2d 907 (1989), the Supreme Court adopted a definition of "improvement" from Black's Law Dictionary as follows:

> [a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes....

*Id.* at 524, 564 A.2d at 909. Therefore, the Court held as a matter of law, a coal delivery system was an improvement to real estate. Consistently therewith, the Superior Court has held that the following were improvements to real estate: (1) wooden roof trusses, *McConnaughey v. Building Components, supra;* (2) a weld and side trim machine at a steel plant, *Radvan v. General Electric Co.,* 394 Pa.Super. 501, 576 A.2d 396 (1990), *allocatur denied,* 527 Pa. 602, 589 A.2d 692 (1991); (3) electrical panel board, *Goodrich v. Luzerne Apparel Manufacturing Corp.,* 356 Pa.Super. 148, 514 A.2d 188 (1986); (4) elevator in private home, *Fetterhoff v. Fetterhoff,* 354 Pa.Super. 438, 512 A.2d 30 (1986), *allocatur denied,* 514 Pa. 624, 522 A.2d 50 (1987); (5) acrylic skylight or skydome, *Catanzaro v. Wasco Products, Inc.,* 339 Pa.Super. 481, 489 A.2d 262 (1985); (6) elevator in apartment building, *Mitchell v. United Elevator Co., Inc., supra.* See also: *Freezer Storage v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715 (1978) (insulation material in ceiling of low temperature warehouse); *Keeler v. Commonwealth, Department of Transportation,* 56 Pa.Commw. 236, 424 A.2d 614 (1981) (highway guardrails, lights, signs and directional signals). Compare: *Ferricks v. Ryan Homes, Inc.,* 396 Pa.Super. 132, 578 A.2d 441 (1990), *allocatur denied,* 527 Pa. 617, 590 A.2d 757 (1991) (multipurpose product such as plywood is not an improvement to real estate merely because it is used as a component part of a fixture); *Noll v. Paddock Pool Builders, Inc.,* 416 Pa.Super. 284, 611 A.2d 219 (1992) (swimming pool starter blocks may be improvement to real estate if parties affixing the same so intend.) [1]

1. In *Noll v. Paddock Pool Builders, Inc.,* a majority of a Superior Court panel analogized an improvement to real estate under 42 Pa.C.S. § 5536 to "real property" under the governmental immunity exception at 42 Pa.C.S. § 8542(b)(3) and concluded that whether starting blocks attached to a swimming pool were improvements was to be determined by the intention of the parties. This prompted a dissent by Judge Popovich, and it is too early to tell whether the reasoning of the panel majority will be followed in future appellate decisions interpreting the Pennsylvania statute of repose. In the instant case, in any event, the equipment was solidly anchored to concrete embedded in the earth, where it remained affixed for seventeen (17) years before the plaintiff was injured during its use; and it is eminently clear from its history and from the depositions taken from the owner of the swim club that

Under the decided cases, we conclude that the Spin Around in this case was an improvement to real estate within the Pennsylvania statute of repose. The Spin Around manufactured by Mexico Forge was clearly an improvement to the swim club's real estate. It had been anchored in concrete and imbedded in the earth, where it remained for more than seventeen (17) years.

■ Appellants argue that the manufacturer of a product, such as Mexico Forge, is not entitled to protection under the statute of repose because the statute was intended only to have application to and benefit persons in the building and construction profession such as architects, engineers and contractors. However, this issue was addressed and rejected by the Superior Court in *McConnaughey v. Building Components, supra*.[2] There, the Court held that protection was given by the statute to the manufacturer of preconstructed roof trusses used in the construction of plaintiff's barn. The Court reasoned as follows:

In *Leach v. Philadelphia Savings Fund Society*, 234 Pa.Super. 486, 340 A.2d 491 (1975), our court addressed a claim that an almost identical statute of repose then in effect was intended to extend protection to a limited class of persons. In rejecting this approach, we stated:

The statute is not limited to persons performing professional or licensed services, and a court cannot supply such an omission to statutory language. Neither is the protected class identified by profession or occupation. The Pennsylvania statute identifies its class not by the status

the equipment was intended to be a permanent improvement to the real estate.

**2.** We acknowledge that the federal courts have placed a different interpretation on the statute. See: *Luzadder v. Despatch Oven Company*, 834 F.2d 355, 359 (3rd Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 909 (1988) ("Application of § 5536 to manufacturers would cut the heart out of Pennsylvania's product liability law, by immunizing any manufacturing company fortunate enough to have its product turned into an improvement to real property."); *Springman v. Wire Machinery Corporation of America*, 666 F.Supp. 66, 69 (M.D.Pa. 1987); *Vasquez v. Whiting Corp.*, 660 F.Supp. 685, 688 (E.D.Pa.1987) ("There is no legislative history ... that suggests the statute of repose would bar suits against manufacturers.").

or occupation of its members but rather by the contribution or acts done in relation to the improvement to the real property. Thus the statute immunizes from liability after 12 years any person lawfully performing or furnishing such activities. The word any is generally used in the sense of all or every and its meaning is most comprehensive.

*Id.*, 234 Pa.Superior Ct. at 490, 340 A.2d at 493 (citations omitted).

This broad interpretation of the statute was discussed in some detail in *Catanzaro v. Wasco Products, Inc.*, 339 Pa.Super. 481, 489 A.2d 262 (1985), where our court found the statute of repose applicable to a defendant who manufactured and sold a skylight which was incorporated into a building. The plaintiff in the case had fallen through the skylight while working on the roof in which it was placed. He claimed the skylight was defectively designed and constructed. Our court rejected an argument by the plaintiff that the statute of repose should not shield mere manufacturers, who only design or construct real property improvements. In holding that the statute protected the defendant skylight manufacturer, our court declared that following the decision in *Leach v. Philadelphia Savings Fund Society, supra,* the statutory protection was judicially extended to include manufacturers who had designed, planned or constructed improvements to real property.

Further, in *Catanzaro,* our court rejected the plaintiff's contention that the statute should be read restrictively to have application only to a supplier who had to customize the product to the real estate and had to assist in its installation. In doing so, we pointed out that a similar argument was rejected in *Mitchell v. United Elevator Company, Inc., supra.* In *Mitchell,* the trial court determined that a manufacturer of an elevator was not protected by the statute of repose because construction of an elevator was "like supplying a ready made item that was merely incorporated into the building." 290 Pa.Super. at 488, 434 A.2d at 1249. Such a narrow application of the act was denounced by our

court, and it was pointed out that the fact that the basic design of the improvement may be identical in different buildings does not render it any less an improvement to real estate, to which the statute applies.

*Id.* at 334–335, 585 A.2d at 488.

The Pennsylvania statute of repose does not impose heedless restrictions upon application of the products liability law in this Commonwealth. It merely abolishes causes of action for defective planning or design of improvements to real estate after twelve years. The legislative intent is clear. After twelve years, an improvement which has stood the test of time will no longer be subject to a claim that it was designed or manufactured defectively.

The Spin Around manufactured by Mexico Forge was attached to and became an improvement to real estate. When, seventeen years later, the minor plaintiff was injured while playing on the equipment, he will not be heard to say that the equipment was defectively designed when manufactured and installed. Therefore, the order of the trial court directing a verdict in favor of Mexico Forge will be affirmed.

Only Mexico Forge has challenged the trial court's order directing a verdict in favor of Raymond Hale. Our decision that the action against Mexico Forge is barred by statute makes it unnecessary that we decide the issues raised by the Mexico Forge appeal.

The order entering a directed verdict in favor of Mexico Forge is affirmed.