644 A.2d 1240

**James CHESNEY, Sr. and Cora B. Chesney, His Wife,**

v.

**John STEVENS, Individually and d/b/a Woodbury Clay Company, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 15, 1994.

Filed July 13, 1994.

John R. Woodcock, Jr., Hollidaysburg, for appellant.

John C. Peters, Jr., Altoona, for appellees.

Before CAVANAUGH, HUDOCK and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

This appeal requires us to decide whether a landlord is required to reimburse his tenant for the cost of improvements that the tenant unilaterally makes to the leased premises. The trial court ruled that appellant-landlord, John Stevens, was required to reimburse appellees-tenants, James and Cora Chesney, $11,790.00 for the improvements they made to the leased realty under a theory of unjust enrichment. After careful review and for the reasons which follow, we affirm.

In 1984, appellant-landlord and appellees-tenants entered into a month-to-month lease for a piece of residential property. The dwelling which was the subject of the lease was old and its condition was reflected by the rent charged by appellant-landlord: $31.00 per month until 1988 and $46.00 per month thereafter. From 1984 through 1987, appellees-tenants made substantial improvements to the leased premises.[1] These improvements included, *inter alia:* two new bathrooms, carpeting the floors, a new septic system, new windows, a new furnace, a new kitchen, wiring the entire house, two new porches, new plumbing, and painting the outside of the house. Appellees-tenants never demanded or requested that appellant-landlord pay for these improvements.

In April of 1991, appellant-landlord gave appellees-tenants fifteen days notice to vacate the leased premises. In response, appellees-tenants commenced the underlying action, requesting that the trial court enter judgment declaring that they had a life estate in the leased premises; or alternatively, enter judgment against appellant-landlord for the value of the improvements they had made to the real estate. Following a non-jury trial, the court concluded that appellees-tenants had not established that they had a life estate in the leased premises; but that they were entitled, under the theory of unjust enrichment, to recover $11,790.00 for the improvements they had made to the leased realty. Both parties filed excep-

1. The trial court characterized the additions made to the leased realty by appellees-tenants as "repairs and improvements." However, for purposes of our analysis, we will refer to these additions strictly as improvements. *See note 2, infra.*

tions, which the trial court subsequently denied. A final decree was entered and appellant-landlord filed this appeal.

Appellant-landlord argues that appellees-tenants should not be able to recover the cost of the improvements because: (1) they never gave him notice of any defects in the leased premises; and (2) a landlord is not responsible for the costs incurred by a tenant in making improvements to the leased premises, but rather, is only required to make those repairs which are necessary to make the leased premises habitable. *See Pugh v. Holmes*, 486 Pa. 272, 405 A.2d 897 (1979); *Asper v. Haffley*, 312 Pa.Super. 424, 458 A.2d 1364 (1983); *Glickman Real Estate Development v. Korf*, 300 Pa.Super. 202, 446 A.2d 300 (1982); *Beasley v. Freedman*, 256 Pa.Super. 208, 389 A.2d 1087 (1978). We find this argument to be unpersuasive as the cases relied upon by appellant-landlord are of dubious relevance in the case at bar. Each of these cases involved an alleged breach of the implied warranty of habitability. This warranty is breached when there is a defect in the dwelling, the "kind and nature of which prevents the use of the dwelling for its intended purpose to provide premises fit for habitation." *Glickman, supra*, at 206, 446 A.2d at 302. Appellees-tenants theory of recovery, however, is not premised upon a breach of the implied warranty of habitability, but rather, upon the theory of unjust enrichment. They have not alleged, nor has the trial court made a factual finding, that any of the improvements made by them were to remedy a defect which made the leased premises uninhabitable.[2] Furthermore, after reviewing the cases relied upon by

**2.** As we have already noted, the trial court characterized the work done by appellees-tenants on the leased premises as "repairs and improvements." Our supreme court has adopted the following definition of "improvement" from Black's Law Dictionary:

*Improvement:* a valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value or utility or to adapt it for new or further purposes.

*Schmoyer by Schmoyer v. Mexico Forge, Inc.*, 423 Pa.Super. 593, 596, 621 A.2d 692, 694 (1993), *citing, McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 524, 564 A.2d 907, 909 (1989). Although we are unaware

appellant-landlord, *supra,* we find that they do not necessarily preclude recovery under a theory of unjust enrichment, in a situation where a tenant confers an economic benefit upon the landlord by making improvements to the leased premises. The scope of the line of cases relied upon by appellant-landlord is limited to a situation where a landlord has failed to provide the acceptable minimum with respect to the safety and sanitariness of the premises. Thus, these cases are not controlling to the present issue; nor do they preclude a recovery on a theory other than inhabitability.[3]

of any Pennsylvania caselaw which defines "repair," Black's Law Dictionary defines the term as follows:

*Repair:* to mend, remedy, restore, renovate; to restore to a sound state after decay, injury, dilapidation, or partial destruction.

Black's Law Dictionary (rev. 4th ed.), 1462 (1968). After reviewing the nature of the additions appellees-tenants have made to the realty, we find that each of these additions is more appropriately described as an improvement than as a repair. Although we may conclude that an addition to realty is an improvement as a matter of law, we decline to do so as such is not necessary to the resolution of this case. *See Schmoyer, supra,* at 597, 621 A.2d at 694 (superior court has held as a matter of law that the following are improvements to real estate: electrical panel; elevator; skylight; insulation). To dispose of appellant-landlord's argument, we need only determine whether the work done by appellees-tenants was to remedy a defect which made the realty uninhabitable. As noted *supra,* the trial court made no such finding. Furthermore, we find that the additions made to the leased premises were of a substantial nature and enhanced the value and utility of the leased realty. As such, the question before us is whether a landlord must reimburse his tenant, when the tenant confers an economic benefit upon the landlord by making improvements to the leased premises.

3. Appellant-landlord also contends that appellees-tenants have no claim for reimbursement against him because they acted as volunteers in improving the property, and never informed him of what they were doing. He points to *Hanley v. Stewart,* 155 Pa.Super. 535, 39 A.2d 323 (1944), in support of his argument. That case, however, is totally inapposite to the case at bar. *Hanley* involved a situation where one tenant in common defended an action to partition the tenancy through a claim of adverse possession. The court, in reviewing the burden a cotenant must carry in proving adverse possession, stated that, "[o]ne cotenant does not acquire title by adverse possession as against his cotenants by ... [making] repairs or improvements to the buildings." *Id.* at 542, 39 A.2d at 327. *Hanley* does not address the issue of a landlord's liability to his tenant for improvements the tenant makes to the leased realty; nor for that matter, does it even address one cotenant's liability for improvements another cotenant makes to the tenancy.

▮▮▮▮ Although we accordingly reject appellant-landlord's arguments, our inquiry does not end at this point. We must now determine whether there is legal support for the trial court's award of damages to appellees-tenants under the theory of unjust enrichment.[4] After thorough review, our research reveals that the law does support the trial court's award of damages under this theory. In reaching its decision to award appellees-tenants damages, the trial court relied upon *Wolf v. Wolf,* 356 Pa.Super. 365, 514 A.2d 901 (1986) and *Zvonik v. Zvonik,* 291 Pa.Super. 309, 435 A.2d 1236 (1981). An examination of the facts of these cases is warranted.

In *Wolf,* husband's parents purchased a house at the request of their son because he was unable to obtain financing. Husband's parents were titled owners of this house (which was used by son and his wife as their marital residence) by virtue of their obtaining a mortgage for 100 percent of the purchase price. It was husband and wife, however, who paid the mortgage and all expenses related to the ownership and upkeep of the property. Husband and wife also paid the entire cost for improvements which they made to the house. On appeal, this court concluded that husband's parents were required, under the doctrine of unjust enrichment, to reimburse both husband and wife for the amount of the benefit conferred upon the parents. The court reasoned that the facts clearly indicated that husband's parents were to acquire title for the benefit of their son and his wife, and were to hold title only until son and his wife were able to stand on their own financially.

*Cf. Cobbett v. Gallagher,* 339 Pa. 231, 13 A.2d 403 (1940) (tenant in common can claim reimbursement for improvements made on the common property when they were made with the cotenant's consent); *Sharp v. Keiser,* 95 Pa.Super. 174 (1928) (cotenant, absent his consent, is not liable for improvements made by another cotenant).

4. In order to recover under the doctrine of unjust enrichment, there must be: (1) an enrichment; and (2) an injustice resulting if recovery for the enrichment is denied. *Meehan v. Cheltenham Township,* 410 Pa. 446, 449, 189 A.2d 593, 595 (1963). In determining whether the doctrine applies, the most significant requirement for recovery is that the enrichment of the defendant is unjust. *Styer v. Hugo,* 422 Pa.Super. 262, 268, 619 A.2d 347, 350 (1993), *aff'd per curiam,* 535 Pa. 610, 637 A.2d 276 (1994).

In *Zvonik*, son orally agreed with his mother that he would repair and make improvements to her home and also pay all of the utilities and property taxes. In exchange, mother promised son that he and his family could live with her, and that prior to her death she would convey the house to him. Instead, mother conveyed the property to a third party. On appeal, this court concluded that the third party transferee was required to reimburse son under a theory of unjust enrichment. The court reasoned that the third party had passively received the benefit of the son's expenditure of time and money in substantially improving the condition of the premises, and that it would be unconscionable for the third party to retain this benefit in light of the mother's oral promise to convey to her son.

◼ In both *Wolf* and *Zvonik*, the respective plaintiffs were able to recover damages because they could make a colorable claim to title of the residence in dispute; either on the basis of being the "equitable" owner of the premises, or by virtue of having been given an oral promise by the owner of the realty to convey. The improvements, made by each of the respective plaintiffs, were made with the implicit knowledge and understanding that they would eventually have title to the realty that they had improved. Here, while appellees-tenants cannot claim title to the leased premises either by virtue of their being "equitable" owners, or on the basis of a promise to convey made by appellant-landlord, they did make a reasoned claim of right to long-term (life estate) occupancy. Thus, it is reasonable to conclude from *Wolf, Zvonik* and the present case, that if a tenant, with a reasonable and good faith expectation of long-term occupancy or ownership, makes substantial and obvious improvements to the real estate of another, the tenant is entitled to compensation for the improvements when they have been accomplished with the actual or implied knowledge and consent of the owner. It is a reasonable corollary of the implied promise to furnish a habitable leasehold rule, *see Pugh; Asper; Glickman; Beasley, supra,* to imply a promise by the owner to reimburse a tenant for improvements reasonably made when there is a basis for

concluding that there has been consent by the owner to the improvements.

Here, appellees-tenants claimed a life estate in the premises by virtue of appellant-landlord's alleged promise that they could live on the leased premises for as long as they continued to pay rent. Although the trial court concluded that appellees-tenants had not proven that they possessed a legally cognizable life estate, the court did not make a finding that such a promise had not been made by appellant-landlord. Furthermore, although appellant-landlord, in his brief to this court, asserts that he was never given notice, and was thus, unaware that improvements were being made to the realty, a review of his trial testimony reveals that he had been on the property on numerous occasions and that he conceded that he was aware of many of the improvements.

Having reviewed the record of the proceedings below, we find that the improvements made to the leased premises were patent and obvious; and that there was a nearly complete transformation of the dwelling from an old and dilapidated structure into a greatly improved home over a period exceeding three years. Thus, we conclude that appellees-tenants made substantial and obvious improvements with a reasonable and good faith expectation of long-term occupancy; and that appellant-landlord had knowledge of these improvements, and consented to them by his passive receipt of the benefit conferred upon him (an improved dwelling, with a substantially increased market and rental value). In these circumstances, it would be unconscionable to allow appellant-landlord to retain this benefit without reasonably compensating appellees-tenants for the improvements they had made to the dwelling.

In addition to challenging the trial court's award of damages, appellant-landlord also takes issue with the trial court's calculation of the amount appellees-tenants are entitled to recover. Appellant-landlord argues that appellees-tenants can only recover the reasonable cost for the repairs made, and under no circumstances, may the amount exceed the rent owed for the term of the lease. *See Pugh, supra* ("repair and

deduct" remedy is appropriate for breaches of the implied warranty of habitability; this remedy provides that a tenant may apply his rent to eliminate the landlord's default, but is limited to situations where the repairs are necessary to make the premises habitable; and additionally, the repairs must be reasonably priced, and the cost may not exceed the amount of rent owed for the term of the lease). As we have already noted, the line of cases involving the implied warranty of habitability are not controlling in the present case. Furthermore, where a plaintiff proves his case and unjust enrichment is found:

> [T]he law implies a contract between the parties pursuant to which the plaintiff must be compensated for the benefits unjustly received by the defendant. This contract, referred to as either a quasi-contract or a contract implied in law, requires that the defendant pay the plaintiff the value of the benefits conferred, i.e. that the defendant make restitution to the plaintiff in quantum meruit.

*Styer, supra*, 422 Pa.Super. at 268, 619 A.2d at 350 (citations omitted). Thus, the amount which appellees-tenants may recover in this case is the value of the benefit they have conferred upon appellant-landlord.

■ Following trial, the court awarded appellees-tenants $11,790.00 as the value of the improvements. The court found as a fact that because of the improvements made by appellees-tenants the market value of the realty increased by $20,000.00, from $12,000.00 to $32,000.00. The court, however, awarded appellees-tenants $11,790.00 after making deductions for rent owed to appellant-landlord. We will not disturb the trial court's award as appellant-landlord has offered no alternative basis to calculate the value of the benefit conferred upon him.[5]

5. Although appellant-landlord has argued, as a general matter, that the "repair and deduct" remedy is the appropriate method for calculating damages, we note that we have already concluded that it is totally inapposite in this case. Appellant-landlord has proffered no reason why the trial court's calculation of the value of the benefit conferred is erroneous; nor an alternate method of calculating this value.

■ In any event, the weight to be given to expert testimony on valuation of land is for the trier of fact; and it is the province of the trier of fact to weigh the credibility of the valuation witnesses' testimony and to determine the fair value of the land. *Mellon Bank (East) Nat. Assn. v. Pennsylvania Restaurant of A.B.E., Inc.,* 364 Pa.Super. 567, 528 A.2d 654 (1987). We find no fault with the trial court's acceptance of the expert's valuation of the realty and its adoption of a valuation fully supported by the record. Furthermore, we find that the amount awarded by the trial court is not unreasonable in terms of the benefit conferred upon appellant-landlord. The amount awarded by the trial court is far less than that expended by appellees-tenants in terms of materials and labor; and appellant-landlord is enjoying the benefit of not only a higher market value ($32,000.00) of the property, but also a higher rental value ($150.00 per month fair market rental value, as found by the trial court).

Having found the arguments raised by appellant-landlord to be meritless, and also having found support in the caselaw for the trial court's award of damages to appellees-tenants under the theory of unjust enrichment, we affirm the final decree entered in the court below.

Decree affirmed.