**Domingo CINTRON, Theda Cintron, Plaintiffs**

v.

**BESSER COMPANY, Defendant.**

Civ. A. No. 1:CV–94–877.

United States District Court, M.D. Pennsylvania.

April 11, 1995.

Richard M. Jurewicz, Galfand, Berger, Lurie & March, Philadelphia, PA, for Domingo Cintron and Theda Cintron.

Charles Jay Bogdanoff, Michael S. Bogdanoff, Gekoski & Bogdanoff P.C., Philadelphia, PA, for Besser Co.

## ORDER

CALDWELL, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The defendant, Besser Company, has filed a motion for summary judgment based on 42 Pa.C.S. § 5536, a Pennsylvania statute of repose prohibiting suits for injuries inflicted by an improvement to real property more than twelve years after construction of the improvement. The plaintiffs, Domingo Cintron (Cintron), and his wife, Theda Cintron, filed this products liability action to recover for severe injuries to Cintron's hands when he became caught in a skip loader the defendant manufactured and sold. We will evaluate the defendant's motion under the well established standard. See Davis v. Portline Transportes Maritime Internacional, 16 F.3d 532, 536 n. 3 (3d Cir.1994).

Based on the record submitted, the following is the undisputed background for summary judgment purposes. On February 14, 1980, Besser sold a model SL–56 skip loader to Peninsula Asphalt Company (Peninsula) in Traverse City, Michigan. Installation was completed in May 1980. After Peninsula went bankrupt, Besser reacquired the skip loader and, on August 27, 1987, sold it to Trenwyth Industries, Inc. (Trenwyth), in Emigsville, Pennsylvania, the plaintiff's employer. Sometime in 1988 and without Besser's participation, Trenwyth dismantled the skip loader, transported it to Pennsylvania, and reassembled it in its own plant. Cintron was injured on October 13, 1992, and the plaintiffs filed their complaint on September 27, 1993.

Section 5536 provides as follows, in pertinent part:

(a) **General rule** .... a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

. . . .

(3) Injury to the person ... arising out of any such deficiency.

. . . .

"As a statute of repose, Section 5536 does not merely bar a party's right to a remedy as a statute of limitations does, but it completely abolishes and eliminates the cause of action." Noll v. Harrisburg Area YMCA, 537 Pa. 274, 280, 643 A.2d 81, 84 (1994); Luzadder v. Despatch Oven Co., 834 F.2d 355 (3d Cir. 1987). In accord with the statutory language:

A party moving for protection under the statute of repose must show: (1) what is supplied is an improvement to real property; (2) more than twelve years have elapsed between the completion of the improvements to the real estate and the injury; and (3) the activity of the moving party must be within the class which is protected by the statute. McConnaughey [v. Building Co., 536 Pa. 95 at 99, 637 A.2d 1331 at 1333 (1994)]; Schmoyer [v. Mexico Forge, Inc., 423 Pa.Super. 593 at 596, 621 A.2d 692 at 694 (1993)]. See also Gnall v. Illinois Water Treatment Co., 640 F.Supp. 815, 817 (M.D.Pa.1986).

Noll, 537 Pa. at 281, 643 A.2d at 84.

The defendant argues that it meets all three of these requirements. First, it contends (for reasons we need not detail) that the skip loader is an improvement to real property because it qualifies as a fixture under Pennsylvania law. Second, it contends that more than twelve years have elapsed between the completion of the skip loader and the plaintiff's injury. In support of this position, the defendant maintains that the time period begins to run from the date the skip loader was manufactured, not from the date it was installed in the real property. This would have been sometime before February 14, 1980, the date of sale to Peninsula. Alternatively, the defendant asserts that the time began to run from May 1980, the date of installation at Peninsula. Both of these dates are more than twelve years before October 13, 1992, the date of the plaintiff's

injury. This argument is buttressed by defendant's position that the date of installation at Trenwyth is irrelevant, and that the statute begins to run at the latest from the date of installation at Peninsula.

Third, Besser contends that its activity in regard to the skip loader is within the class of activity protected by the statute because it designed and manufactured the skip loader by adapting it to the general layout of the Peninsula plant.

We will not detail the plaintiff's opposition to the defendant's motion. For the reasons set forth below, some of them advanced by the plaintiffs, we deny the defendant's motion.

■ To begin with, the defendant has failed to satisfy the second requirement. First, the defendant's contention that the time begins to run from the date the skip loader was built is contrary to Pennsylvania law. In another context, the Pennsylvania Supreme Court has decided that the statutory twelve-year period starts "when the entire construction project is so completed that it can be used by the general public." *Noll, supra,* 537 Pa. at 281, 643 A.2d at 84. For our purposes, this means the period started when the skip loader was made part of the real property. Thus, the date of manufacture of the skip loader is irrelevant. *See also Beaver v. Dansk Industri Syndicat A/S,* 838 F.Supp. 206, 213–14 (E.D.Pa.1993).

■ Second, the defendant's reliance on the date of installation at the Peninsula plant is also wrong. The statutory language covers improvements to real property where the injury occurred. Assuming that the statute otherwise applies, the plaintiff is not claiming injury from a deficiency in an improvement to the Peninsula plant; he is claiming injury from a deficiency in an improvement to the Trenwyth plant. That improvement occurred sometime in 1988, well within the twelve-year period.

The defendant's argument that the Peninsula period must be added to the Trenwyth period might have force in other circumstances, but we can safely reject it here. It was Besser that sold the skip loader to Trenwyth after reacquiring it from Peninsula.

Besser's involvement in the resale certainly renders the statute inapplicable in light of one of the major goals of the statute of repose. The statute is supposed to protect participants in the installation of an improvement from an extended period of liability. *See Noll, supra,* 537 Pa. at 283, 643 A.2d at 85–86 (citing cases and treatises). However, if one of those participants at a later date reacquires the improvement for installation elsewhere (presumably with knowledge of contemporaneous safety standards), this purpose is not frustrated by running the time period from the date of the later installation.

We therefore conclude that the defendant has failed to establish that twelve years elapsed between completion of the improvement and the injury.

■ Finally, the defendant has not satisfied the third requirement concerning activity protected by the statute. Contrary to the plaintiffs' position, a manufacturer is not excluded under this requirement as a matter of law, *id.* at 284, 643 A.2d at 86, but its activity must have been conducted in relation to the real property. *Id.* at 285, 643 A.2d at 86–87. We have already decided that the real property relevant to this case is the Trenwyth plant. Besser has presented no evidence that it undertook any activity in relation to the design of that plant. All it did was sell the skip loader to Trenwyth, activity the statute was not intended to protect. Besser's evidence that its construction of the skip loader took into account the layout of the Peninsula plant is immaterial.

Accordingly, this 11th day of April, 1995, upon consideration of the defendant, Besser Company's, motion for summary judgment, it is ordered that the motion is denied.