Sarah HOMRIGHAUSEN, a minor by her parents and natural guardians, David and Lindsley HOMRIGHAUSEN, and David and Lindsley Homrighausen, in their own right

v.

## WESTINGHOUSE ELECTRIC CORPORATION

v.

## NATIONAL RAILROAD PASSENGER CORPORATION a/k/a Amtrak.

Civ. A. No. 92–2601.

United States District Court,
E.D. Pennsylvania.

July 15, 1993.

David F. Binder, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for plaintiffs.

Richard L. Goerwitz, Jr., Swartz, Campbell & Detweiler, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the defendant Westinghouse Electric Corporation's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, the plaintiff's Answer and the defendant's Reply. For the following reasons, the defendant's motion is GRANTED.

## FACTUAL BACKGROUND

The plaintiffs have filed this civil action arising out of an incident which occurred on April 2, 1990 in the Amtrak Railroad Station, 30th Street Station, Philadelphia, Pennsylvania. Plaintiffs allege that the right hand of minor plaintiff was caught in an escalator at that location. The escalator was designed, furnished and installed by Westinghouse Electric Corporation ("Westinghouse") at the 30th Street Station for the Consolidated Rail Corporation ("Amtrak"). Westinghouse completed the installation of the escalator on or about September 29, 1977 and pursuant to the sale contract provided Amtrak with three months of maintenance. Westinghouse did not perform any work on the escalator after the expiration of the three month maintenance period.

The plaintiffs filed this complaint on February 26, 1992 against Westinghouse Electric Corporation to recover for their damages on theories of negligence in the manufacture and design of the escalator and in strict liability.[1] Westinghouse has filed the present motion for judgment based upon a defense provided by Pennsylvania's statute of repose. 42 Pa.C.S.A. § 5536. The defendant contends that pursuant to section 5536, the plaintiffs' claims are barred. The plaintiffs' argue that Westinghouse is not entitled to the protection of the statute.

## DISCUSSION

### A. Standard for Summary Judgment

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). When considering a motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When reviewing a motion for summary judgment, this Court will resolve all reasonable doubts and inferences in favor of the non-moving party. *Arnold Pontiac— GMC, Inc. v. General Motors Corp.*, 700 F.Supp. 838, 840 (W.D.Pa.1988).

The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "As to materiality, the substantive law will identify which facts are material." *Id.*

The Supreme Court articulated the allocation of burdens between a moving and nonmoving party in a motion for summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court held that the movant had the initial burden of showing the court the absence of a genuine issue of material fact, but that this did not require the movant to support the motion with affidavits or other materials that negated the opponent's claim. *Id.* at 323, 106 S.Ct. at 2553. The Court also held that Rule 56(e) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, an-

---

1. The complaint was originally filed in the Philadelphia Court of Common Pleas but was re- moved by Amtrak, third-party defendant, pursuant to 28 U.S.C. § 1441.

swers to interrogatories, and admissions, on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)).

The Supreme Court further elaborated on the type of evidence that the nonmoving party is required to adduce in order to withstand a motion for summary judgment:

> We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred [a genuine issue of material fact].

*Id.*

## B. *The Pennsylvania Statute of Repose*

Pennsylvania statute of repose, entitled "Construction projects," in pertinent part provides:

> (a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
>
> (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
>
> .     .     .     .     .
>
> (3) Injury to the person or for wrongful death arising out of any such deficiency.

42 Pa.C.S.A. § 5536. In order to reap the benefits of the protection of this section, a defendant must establish three elements.

[A] defendant must show (1) that 12 years have lapsed since the construction, (2) that the construction is an "improvement to real property," and (3) that he falls within the class of persons the statute protects. *Fleck v. KDI Sylvan Pools, Inc.,* 981 F.2d 107, 115 (3d Cir.1992).

In this case with respect to the first element, there is no issue. The plaintiffs' complaint was filed on February 26, 1992. By plaintiffs' own admission, this filing came approximately fifteen years after completion of the installation of the escalator at the 30th Street Station. (Plaintiffs' Response at 3).[2] Since the statute requires commencement of a proceeding within a 12 year period from the construction completion date, the plaintiffs' claims are barred if application of the statute is appropriate pursuant to the latter two elements.

■ The question of whether an escalator is an improvement to real property is the second element under the statute of repose. The plaintiffs contend that the escalator is not such an improvement. The Supreme Court of Pennsylvania in *McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 564 A.2d 907 (1989) approved of the common meaning of the term as used in the case of *Mitchell v. United Elevator Company,* 290 Pa.Super. 476, 434 A.2d 1243 (1981). The Supreme Court accepted the definition of "improvement" as

> A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.

*McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 564 A.2d 907, 909 (1989), (*quoting* Blacks Law Dictionary 682 (5th ed. 1979). *See also, Fleck,* 981 F.2d at 114; and *Noll v. Paddock Pool Builders, Inc.,* 416 Pa.Super. 284, 611 A.2d 219 (1992). The Supreme Court in *McCormick* held that a coal delivery

---

**2.** The plaintiffs have attempted to create a factual issue with respect to Westinghouse's three year maintenance of the escalator. However, this factual issue is immaterial. The operative date with respect to § 5536 is the date of completion of the construction not maintenance. The complaint in this case does not involve a claim of negligent maintenance.

system for a powerhouse was an improvement to real estate under this definition. *McCormick,* 564 A.2d at 910.

More recently, in addressing the issue of whether starting blocks bolted to a swimming pool were improvements to real property, the Superior Court in *Noll v. Paddock* noted three categories of improvements to real property. 611 A.2d at 224. The court identified that the first category included items of furniture. Items in this category are distinct from improvements to land. The second category includes items which are so annexed to the property that they cannot be removed without material injury to the real estate or the item itself.[3] Items in this category are indisputably improvements to real estate. The third category are those items physically connected with the real estate yet removable without destroying or materially injuring the real estate or the item. Items in this last category become part of the realty if intended so at the time of annexation.

In *Fleck,* the Third Circuit in holding that a swimming pool was an improvement to real property, found these categories to be helpful in their analysis under § 5536. However, it recognized that the categories did not define "improvement" until they were adopted by the Supreme Court of Pennsylvania. *Fleck,* 981 F.2d at 115. The Third Circuit ultimately acknowledged that the determination of an improvement to real estate was made on a case by case basis. *Id. (quoting, Noll v. Paddock,* 611 A.2d at 222).

Westinghouse contends that the escalator is analogous to an elevator which was held to be an improvement to land pursuant to section 5536 in *Mitchell v. United Elevator Co., Inc.,* 290 Pa.Super. 476, 434 A.2d 1243 (1981). The pivotal contention is that the elevator and the escalator are both forms of vertical transportation. Westinghouse also argues that the escalator fits into the second category of property as described in *Noll* because removal of the escalator would require material injury to the building. It further states that like an elevator, the removal of the

escalator from the building would virtually destroy the escalator because the escalator could serve no purpose outside of its relationship with the building.

In *Mitchell,* the Superior Court in reversing a trial court finding that an elevator was not an improvement to real estate held that:

> the construction of the elevator in question in 1950 was the "construction of any improvement to real property."
>
> The lower court seems to be likening the building of an elevator system with all its myriad components, motors, cables, wiring and machinery to uncrating and plugging in a television set. The fact that the basic design of the elevator may be identical in different buildings does not render the elevator system any less an improvement to real estate.

434 A.2d at 1249. In discussing the *Mitchell* decision, the *Noll* court reasoned that an elevator actually corresponded to the second category of property. The *Noll* court noted that removal would require material injury to the building in which the elevator was located. *Noll,* 611 A.2d at 224.

This Court is persuaded by the similarities between an escalator and other forms of vertical transportation which have been determined to be improvements to real property. *See, Mitchell,* 434 A.2d at 1249, (Elevator held to be improvement to real property); *Fetterhoff v. Fetterhoff,* 354 Pa.Super. 438, 512 A.2d 30 (1986), (elevator shaft is an improvement to real property), *alloc. den.,* 514 Pa. 624, 522 A.2d 50 (1987); *Daugherity v. Van Roll Habegger of America, Inc.,* 6 Pa.D. & C. 4th 654 (1990), (ski lift held to be improvement to real property). An escalator is a means of moving between the floors of a building, a moving flight of stairs. In this regard, there is little difference between an elevator and the escalator. Like an elevator, an escalator's purpose is to provide effortless access between floors of the building. As such, it is a valuable addition to the building in which it is attached, the removal of which would materially injure the property as well

---

**3.** The *Noll* court noted that material injury need not be physical but could also be based upon a material loss in value. 611 A.2d at 224 (*quoting, Canon–McMillan School District v. Bioni,* 110

Pa.Cmwlth. 584, 533 A.2d 179, 183, n. 9 (1987), *alloc. granted,* 519 Pa. 668, 548 A.2d 257 (1988), *alloc. den.,* 520 Pa. 608, 553 A.2d 970 (1988), remanded, 521 Pa. 299, 555 A.2d 901 (1989).

as the elevator itself. Although the plaintiffs deny that an escalator is an improvement to real property, they offer no specific argument to contradict this holding. Accordingly, the Court finds that the escalator in this case is an improvement to real property under the terms of § 5536.

█ Finally, Westinghouse must be a member of the class of persons that the statute was designed to protect. The plaintiffs contend that Westinghouse was the manufacturer of a product, the escalator, which was incorporated into the existing structure and according to the dissenting opinion in *McCormick*, it should not be protected by § 5536. In *McCormick*, two justices in the dissenting opinion provided:

> [T]he clear and unambiguous language of § 5536 establishes that manufacturers who supply defective *products* that are incorporated into an improvement to real property are not entitled to that statute's benefits.

564 A.2d at 911 (emphasis in original). With respect to this statement of the dissenting judges, the majority opinion expressed that the particular facts of the case presented to the court did not address the issues by the dissent. The court stated:

> On the facts of this record, there is no question that Columbus was engaged in the design of an improvement to real property and thus was entitled to the benefit of the statute of repose. Therefore, this is not an appropriate case to address the appellants' argument that Section 5536(a) does not apply to manufacturers whose products are incorporated into real estate by others as improvements;

*Id.* 564 A.2d at 910–911.

The dissent's statement involving manufacturers' products which are incorporated into improvements is also supported by the decision of *Ferricks v. Ryan Homes, Inc.*, 396 Pa.Super. 132, 578 A.2d 441 (1990). In *Ferricks*, the court held that the manufacturer of plywood which was incorporated into an improvement was not entitled to the protection of § 5536. *Id.* 578 A.2d at 445. The basis of this decision was that the plywood manufacturers were not responsible for the construction or design of an improvement to real property. The *Ferricks* court noted that the activity of the wood manufacturer was merely the furnishing of material which was a component in the construction of the actual improvement. 578 A.2d at 443. The court recognized a distinction between furnishing materials for an improvement to real estate and the actual construction or design of the improvement to real estate. *Id.* 578 A.2d at 445. The *Ferricks* case involved the former, it did not involve the latter.

Following the *Ferricks'* distinction, the plaintiffs are attempting to classify the present action as a claim against a manufacturer which incorporated its product into an improvement to real property. However, Westinghouse's "product" is the escalator and the escalator is the improvement to real property as discussed above. This case does not present the situation of a manufacturer supplying materials which were incorporated into an improvement to real property. It involves the actual design and construction of the improvement. To this extent, the comment of the dissent in *McCormick* and the decision of *Ferricks* are not controlling. Thus, the plaintiffs' argument is of no moment.

The plaintiffs' classification of Westinghouse as a manufacturer might have received a greater reception by this circuit in the past. *See, Luzadder v. Despatch Oven Company*, 834 F.2d 355 (3d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 909 (1988). In *Luzadder*, the Third Circuit Court of Appeals predicted that the Supreme Court of Pennsylvania would not have extended the protection of § 5536 to a manufacturer. 834 F.2d at 360. However, the prediction proved inaccurate when the Pennsylvania Supreme Court permitted the protection for a manufacturer in *McCormick*. The Third Circuit apparently recognized the flaw of this prediction in *Fleck* which followed *McCormick* and permitted the statute to protect a manufacturer.[4]   *Nish v. FMC*

---

4. Recognizing that the *Fleck* decision effectively counters their arguments, the plaintiffs assert that *Fleck* should not be followed. However, there is no indication that the *Fleck* decision is at all contrary to Pennsylvania law. In this Court's opinion, the decision is entirely consistent with

*Corporation,* 1993 WL 74839 at *2, n. 4 (E.D.Pa. March 15, 1993), (Ludwig, J.).

Regardless of the plaintiffs' characterization of Westinghouse as a manufacturer of a product, the controlling question of who is entitled to the protection of § 5536 is presented by the language of the statute. The statute specifically identifies a protected person by the activities furnished or performed by that person, not by the particular status of the person. *McCormick,* 564 A.2d at 910; *Fleck,* 981 F.2d at 115. In this regard, the statute protects those persons who "perform[ ] or furnish[ ] the design, planning, supervision or observation of construction, or construction of any improvement ..." 42 Pa. C.S.A. § 5536(a). With respect to § 5536(a), the Pennsylvania Supreme Court has noted that:

> The Pennsylvania statute identifies its class not by the status or occupation of its members but rather by the contribution or acts done in relation to the improvement to the real property. Thus the statute immunizes from liability after 12 years "any" person lawfully performing or furnishing such activities. The word "any" is generally used in the sense of "all" or "every" and its meaning is most comprehensive.

*McCormick,* 564 A.2d at 910, *(quoting, Leach v. Philadelphia Savings Fund Society,* 234 Pa.Super. 486, 340 A.2d 491 (1975) (deciding issue under predecessor statute of repose of virtually identical language). Therefore, the proper inquiry is whether any of the activities in this section were performed by Westinghouse with respect to the improvement, not whether Westinghouse was the manufacturer of a product. *See, Fleck,* 981 F.2d at 115.

Applying the statute to this case, it is apparent that Westinghouse comes within the protections of § 5536. The affidavit of Don Walton, a former field manager for Westinghouse, provides that Westinghouse furnished the design and installed the escalator at the 30th Street Station. Thus, Westinghouse designed and constructed the improvement to real property. The plaintiffs have not offered any contradictory facts with respect to this finding to demonstrate that

summary judgment would be inappropriate. The plaintiffs' complaint even provides support for the conclusion that Westinghouse performed some of the activities listed in § 5536. The complaint specifies that Westinghouse was negligent in its design of the escalator. (Complaint ¶ 4(a)). Therefore, Westinghouse is a protected person in the meaning of Pennsylvania's statute of repose.

### CONCLUSION

No genuine issues of material fact remain which would require a trial in this matter. Westinghouse's construction and design of the escalator at the 30th Street Station was an improvement to real property. The furnishing of these activities also brings Westinghouse within the protections of Pennsylvania's statute of repose. 42 Pa.C.S.A. § 5536. Under the 12 year limitation period, the plaintiffs' claims are barred. Accordingly, Westinghouse is entitled to summary judgment on this defense.

An appropriate Order follows.

### ORDER

AND NOW, this 13th day of July, 1993, upon consideration of the Defendant Westinghouse Electric Corporation's Motion for Summary Judgment, the Plaintiffs' Response, and the Defendant's Reply, IT IS HEREBY ORDERED that the Defendant's Motion is **GRANTED.**

IT IS FURTHER ORDERED that Judgment is entered in favor of the Defendant Westinghouse Electric Corporation and against the Plaintiffs.

the Pennsylvania Supreme Court's decision in     *McCormick.*