**MD, MSEE, JD Gabriel G. ATAMIAN, Appellant**

v.

**DDS James J. GENTILE; Secretary Jane Doe, also known as Ms. Shelby.**

No. 08–4386.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 12, 2009.

Opinion filed July 15, 2009.

Gabriel G. Atamian, Dover, DE, pro se.

Mark Hermanovich, Esq., Kyle N. Thompson, Esq., Kilcoyne & Nesbitt, Plymouth Meeting, PA, for Appellee.

Before: SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Gabriel G. Atamian, proceeding *pro se* and *in forma pauperis*, appeals the District Court's entry of judgment in favor of appellees. We will affirm.

Invoking the District Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332,

Atamian brought a complaint against Dr. James Gentile, DDS, and Dr. Gentile's secretary, Jane Doe a/k/a Ms. Shelby, in the United States District Court for the District of Delaware. Apparently dissatisfied with the dental care and treatment provided to him by Dr. Gentile and his staff beginning on August 17, 2004, Atamian asserted a number of claims under Pennsylvania law and raised several others based on federal law.

Atamian alleged, *inter alia*, that Dr. Gentile refused to provide him with copies of his medical records. Atamian claimed specifically that he was refused a treatment plan (count I), refused findings of his oral exam (count III) and of a mounted diagnostic cast (count IV), and that a Pennsylvania detective called and advised him not to make any additional record requests from Dr. Gentile (count VIII). Atamian further asserted a state law claim based upon "informed consent" (count II), the existence of a common law conspiracy by Jewish physicians (count V), dental malpractice based upon Dr. Gentile's fabrication of defective and faulty temporaries (count VI), and his failure to polish and smooth the occlusal surface of a tooth (count VII). Atamian's final state law claim alleged that he was slandered by appellees when they told him he was an anti-Semite (count XI). As for his federal claims, Atamian alleged that appellees engaged in a conspiracy to deprive him of his "rights and privileges" by telling him they would not tolerate his anti-Semitism and by giving him "make-believe" dental treatment (count IX). Atamian also asserted a claim pursuant to Title VI of the Civil Rights Act of 1964 (count X). In particular, he alleged that appellees violated his civil rights by discriminating against him and labeling him as "anti-Semitism." Atamian sought compensatory and punitive damages.

In a Memorandum Opinion and Order issued on June 5, 2006, the District Court for the District of New Jersey dismissed counts V, IX and X of the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). With respect to the common law conspiracy claim, the District Court noted that Atamian raised an almost identical claim in a previous action docketed and dismissed with prejudice at *Atamian v. Assadzadeh, et al.*, E.D. Pa. Civ. No. 00–cv–03182, 2002 WL 538977 (E.D.Pa. Apr. 9, 2002), *aff'd*, C.A. No. 02–2046, 64 Fed.Appx. 348 (3d Cir. Feb. 4, 2003). According to the District Court, Atamian merely continued his "litany of complaints" from 2002 to 2005, with the sole allegation against appellees being that his anti-Semitism would not be tolerated. As there was nothing in Atamian's complaint to suggest that appellees conspired with others to deny him dental care or that the alleged anti-Semitism comment was made with the sole intent of refusing to treat some dental condition, the District Court concluded that the claim was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* D.Ct. Mem. Op. at 4, *citing Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

Atamian's federal conspiracy claim under 42 U.S.C. § 1985(3) fared no better given his failure to allege that appellees deprived him of equal protection or a constitutional right. *Id.*, at 6, *citing Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Likewise, Atamian's claim of a violation of the Civil Rights Act of 1964 was missing the required allegation that he was discriminated against by a program receiving federal financial assistance. *Id.*, *quoting* 42 U.S.C. § 2000d; *citing Alexander v. Sandoval*, 532 U.S. 275, 278, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). Accordingly, the District Court concluded that this claim presented no arguable basis in law or fact, and was likewise subject to dis-

missal as frivolous under § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The remaining claims of the complaint were found to contain cognizable diversity state claims based on Pennsylvania law, and were ultimately transferred to the United States District Court for the Eastern District of Pennsylvania at Atamian's request.

Appellees sought to have the complaint dismissed for Atamian's failure to file a certificate of merit, as is required by Pennsylvania Rule of Civil Procedure 1042.3 in a professional liability action. The District Court for the Eastern District of Pennsylvania originally denied appellees' motion on the basis of Atamian's assertion that he is a fully qualified and duly licensed, *albeit* non-practicing, physician, and given the court's conclusion that some of his claims did not involve professional malpractice. Appellees thereafter answered the complaint and eventually filed a motion for summary judgment on the remaining counts.

In a Memorandum Opinion and Order entered on October 17, 2008, 2008 WL 4613863, the District Court concluded that its earlier ruling was "unduly generous" to Atamian considering certain developments which revealed that Atamian is not currently licensed to practice medicine in any state, that he has been under psychiatric care for many years, and has been precluded from practicing medicine because of certain psychiatric issues. After a hearing, the District Court concluded that its earlier decision was, in fact, "erroneous" not only because Atamian is not a practicing physician, but because he is not competent to testify about the practice of dentistry in any event. According to the District Court, not only should Atamian have been required to provide a certificate of merit, he also violated Fed.R.Civ.P. 26(a)(2)(C)

by failing to disclose the name of any expert witness he intended to call—the only expert referenced by Atamian was Dr. Gentile himself—and by failing to provide any expert reports as required by the court's discovery order. Without expert testimony, the District Court concluded that Atamian could not possibly succeed in his action. The District Court further noted that the allegations of dental malpractice asserted against Dr. Gentile and his secretary are precisely the same as those asserted against another dentist in the action filed at *Atamian v. Assadzadeh, et al.*, E.D. Pa. Civ. No. 00–cv–03182 in 2000. For these reasons, the District Court determined that Atamian's claims of professional malpractice had to be dismissed.

The remaining claims were likewise found to be lacking in merit and subject to dismissal. The District Court noted that appellees were under no legal obligation to continue to provide Atamian dental treatment and that, since they are not state actors, they are not legally obligated to avoid discrimination against others. Finally, the District Court concluded that Atamian's claim that he was defamed because of appellees' accusations that he was anti-Semitic could not be taken seriously given Atamian's history of anti-Semitic actions. Accordingly, the District Court granted appellees' motion and entered judgment in their favor on October 20, 2008. This timely appeal followed.

■ After a careful and independent review of the record, we find that the District Court properly resolved Atamian's claims and that appellees were entitled to judgment as a matter of law for essentially the reasons provided by the District Court. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Brooks v. Kyler*, 204 F.3d 102, 105 n. 5 (3d Cir.2000). To the extent the bulk of his claims are even cognizable as profes-

sional malpractice claims, Atamian clearly failed to demonstrate an ability to present a *prima facie* case of dental negligence or lack of informed consent given his failure to submit any expert evidence or, for that matter, so much as the name of an expert—other than Dr. Gentile—whose opinion he planned to offer at trial. *See Mitzelfelt v. Kamrin,* 526 Pa. 54, 584 A.2d 888, 891 (1990) (listing elements of medical malpractice claim). *See also Yee v. Roberts,* 878 A.2d 906, 912 (Pa.Super.2005) (requiring expert report to prove medical malpractice not within ordinary knowledge and experience of lay persons); *Festa v. Greenberg,* 354 Pa.Super. 346, 511 A.2d 1371, 1376 (1986) (requiring same for informed consent claim).

 Additionally, we do not hesitate to agree with the District Court's conclusion that Atamian's defamation claim lacks any and all merit given his history of anti-Semitic statements and actions, many of which have been recounted in pleadings filed by Atamian himself. *See, e.g.,* D.Ct. Mem. Op. dated 4/09/02 in *Atamian v. Assadzadeh, et al.,* E.D. Pa. Civ. No. 00–cv–03182, 2002 WL 538977, *4. Regardless of whether such an allegation even states a claim, *see Rybas v. Wapner,* 311 Pa.Super. 50, 457 A.2d 108, 110 (1983)(characterizing person as anti-Semitic is not defamatory), "[t]ruth is an absolute defense to a claim for defamation in Pennsylvania." *Bobb v. Kraybill,* 354 Pa.Super. 361, 511 A.2d 1379, 1379 n. 1 (1986) (citation omitted). To the extent Atamian rests his defamation claim on some other particular part of the letter Dr. Gentile wrote at the direction of a member of the Nether Providence Police Department—a letter which memorializes his interactions with Atamian and expresses concern for his personal safety, as well as that of his wife and staff—Atamian has likewise failed to show that judgment in favor of appellees was not warranted. Ata-

mian offers no support for the characterization of any other part of the contents of Dr. Gentile's letter as defamatory and none is obvious to us.

We have considered the remaining arguments that Atamian raises on appeal, and find that they lack merit and warrant no further discussion. Accordingly, we will affirm the District Court's entry of judgment in favor of Dr. Gentile and Jane Doe a/k/a/ Ms. Shelby. Atamian's request for the imposition of sanctions against appellees is denied as it is clearly unwarranted. The same holds true for his request that appellees' "second response" be dismissed, which we likewise deny.